## City of Roodhouse v. Mary E. Mitchell.

1. INSTRUCTIONS—*When Not Reversible Error.*—Although an instruction may be erroneous, yet if from the whole record it is apparent that the adverse party was not prejudiced thereby, such error will not warrant a reversal of the case.

Roodhouse v. Mitchell.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Greene County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

ALFRED B. DAVIS, City Attorney, and JOHN W. STARKEY, attorneys for appellant.

JOHN A. PELLETT and D. J. SULLIVAN, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case by appellee, Mary E. Mitchell, against appellant, City of Roodhouse, which was tried by jury in the Circuit Court of Greene County and resulted in a verdict and judgment in favor of appellee for $300.

To reverse the judgment, the city brings the case to this court by appeal, and insists that the court gave the jury an improper instruction, and that the verdict is contrary to the evidence and the law applicable thereto.

The declaration charged that the city of Roodhouse negligently permitted the public sidewalk along the west side of Morse street, running south from the public square in said city, to become, and remain for a long time, in an unsafe condition, so that a board thereof was rotten, defective and broken; and that it remained in that condition for several months prior to the 20th day of October, 1900; that of such unsafe condition the authorities of the city had notice or should have had by reason of such unsafe condition remaining for such a long time before the date aforesaid, yet the authorities of the city neglected to repair same, as was their duty; that on the date aforesaid, while appellee was passing along and upon said sidewalk, with due care and caution, by reason of said unsafe condition, she unavoidably stepped into a hole in the same, and her foot becoming caught therein, she was tripped, thrown down, her arm broken, and she otherwise bruised and injured.

The city pleaded not guilty; and on the trial it was shown

that there was a decayed place in one of the two-inch cross-boards of which the sidewalk in question was constructed, causing a hole therein that was from five to ten inches long, and from two to four inches wide. Around this hole there was a depression caused by such decay, and as appellee was walking along this sidewalk on the evening of October 21, 1900, in a reasonably careful manner, she stepped into this hole, her foot got caught, causing her to fall and break her arm near the wrist. The decayed condition of the board and the hole in it, had been there for several months before appellee stepped into it.

We are satisfied that the evidence supports the verdict, and that the jury properly found for appellee.

The instruction which the court gave the jury, and which counsel for the city complain was erroneous, is as follows:

" The court instructs the jury that, while a city is not an insurer of the safety of persons traveling upon its sidewalks, yet it is required to use reasonable diligence to keep such sidewalks in a reasonably safe condition for travel thereon; and in this case, if you believe, from a preponderance of the evidence, that the sidewalk in question was defective and in an unsafe condition, and that the defendant city had notice of such defective condition; or that such defective condition had existed for such length of time, as the defendant city, by the use of reasonable diligence, should have known of its existence; and if you further believe, from the preponderance of the evidence, that the plaintiff, while passing along and upon said sidewalk, and while exercising reasonable care for her own safety, was injured by reason of such defective and unsafe condition of said sidewalk, then the defendant is liable for the damages resulting from such an injury, if any has been shown by the evidence, and you should so find by your verdict."

And it is insisted that it is erroneous, for the reason that it fails to require the jury to believe from the evidence that the sidewalk was defective in the manner charged in the declaration, or that appellee was injured in the manner charged therein in order to find in her favor.

It is true that this instruction should have contained that which is insisted made it erroneous to omit, but as it fully appears by the evidence that the sidewalk was defective

only in the respect charged in the declaration, and that appellee was injured in the manner claimed, we can not see wherein the city was prejudiced by the omission.

The trial court not having committed any prejudicial error against the city in this case, the judgment will be affirmed.